**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THOMAS LAMONT DYNO,

                Plaintiff,

  - v-                                                       3:01-CV-0321

The VILLAGE OF JOHNSON CITY; and
HARRY G. LEWIS, Mayor of the Village
of Johnson City,
                Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPEARANCES:**                                      **OF COUNSEL:**

THOMAS LAMONT DYNO
*Plaintiff Pro Se*

COUGHLIN & GERHART, L.L.P.                Todd D. Kilpatrick, Esq.
20 Hawley Street
P.O. Box 2039
Binghamton, New York 13902-2039
*Attorneys for Defendants*

**NORMAN A. MORDUE, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

      By Memorandum-Decision and Order dated March 27, 2007, this Court denied plaintiff's motion for an extension of time within which to file a Notice of Appeal of the Court's October 13, 2006, Order which denied plaintiff's motion to set aside a judgment of dismissal. Presently before the Court is plaintiff's motion for "Reconsideration and Correction of Errors" concerning the March 27, 2007, Memorandum-Decision and Order. The Court notes that it made a clerical error in the March 27, 2007, Memorandum-Decision and Order to the extent that said Order stated plaintiff sought to appeal denial of a motion to set aside an Order and judgment of dismissal dated September 27, 2006. In fact, the correct date of the Order and judgment of dismissal was September 27, 2004. While the Court hereby directs the Clerk to correct the docket

concerning this date, the clerical error does not alter the substance or merits of the Court's determination to deny plaintiff's motion for an extension of time within which to file a Notice of Appeal.

Based thereupon and the Court having reviewed the balance of plaintiff's motion papers and finding no new facts or legal arguments that warrant reconsideration, it is hereby

ORDERED that plaintiff's motion for "Correction of Errors" is GRANTED to the extent that the Court's docket will now reflect correction of the above-referenced clerical error and it is further

ORDERED that plaintiff's motion for reconsideration is otherwise DENIED.

IT IS SO ORDERED.

Dated: May 31, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge